CHARLES YOUNG v. THE STATE.

No. 22752. Delivered February 9, 1944.
Appeal Reinstated March 1, 1944.
Rehearing Denied May 3, 1944.

The opinion states the case.

*Letcher D. King, of* Abilene, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellant desires to dismiss his appeal and has filed his personal affidavit evidencing that fact. Accordingly the appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON REINSTATEMENT OF APPEAL.

HAWKINS, Presiding Judge.

At a former day of the term the appeal was dismissed upon appellant's affidavit. A request for reinstatement of the appeal is now before us, supported by affidavits, based upon the claim that appellant was under the impression that he was only requesting a postponement of his case. The appeal is reinstated.

Appellant was convicted for possessing for the purpose of sale whisky in dry area, his punishment being assessed at 18 months in the county jail.

No bills of exception are found in the record. There is what purports to be a statement of facts. The same is approved by

the county attorney, but bears no approval of the attorney for appellant, nor by the trial judge. Without the latter's approval it may not be considered. See authorities under Note 24, Art. 760, Vernon's Ann. Tex. C. C. P.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant files his motion for a rehearing herein, and offers us a statement of facts signed by the county attorney, but not by appellant's attorney, nor is the same approved by the county judge, as provided by law. The reason claimed by appellant's attorney for such a failure to have the same approved by the judge seems to be that he gave the same to the county attorney, who promised to go over the same with the county judge and make such corrections as they deemed proper, and then file the same. This seems to have occurred on August 5, 1943. On November 20, 1943, 106 days thereafter, the county judge instructed the county clerk to transmit the record in this case to this court, and same was filed herein on November 22, 1943. This cause was tried on April 19, 1943, and motion for a new trial overruled on June 19, 1943. It appears from the file mark thereon that this statement of facts remained in the custody of the county clerk from August 9, 1943, until November 20, 1943, with no effort being made by appellant's attorney to ascertain what condition the same was in, whether the same had been approved by the county judge, or the same not even being signed by the appellant's own attorney. If appellant's attorney had constituted the county attorney as his agent to obtain the approval of the county judge to this statement of facts, he could have ascertained by the merest act of diligence the fact that same had not been signed, and such could have been quickly remedied. This he failed to do, although such statement did not leave the custody of the clerk for 106 days after the same was handed to the county attorney. To condone this obvious act of negligence would render nugatory the statute relative to the approval of the judge. This we cannot agree to do.

This case has had a rather checkered career in this court. On February 2, 1944, appellant's attorney filed a motion herein desiring to withdraw appellant's appeal. This was not acted upon by this court on account of our rule requiring a sworn affidavit upon the part of the appellant before the granting of such re-

quest. Thereafter, on February 8, 1944, appellant filed a proper affidavit, signed by himself, requesting to be allowed to thus withdraw his appeal. This request was granted and said appeal was dismissed, at his request, on February 9, 1944. Thereafterwards, on February 25, 1944, appellant filed a motion to reinstate this appeal, supported by his own affidavit alleging, in substance, that he did not understand what he was doing when he signed the affidavit requesting the dismissal of his appeal, but that he "had been talking to several people and they told me that I should get my case continued. * * * I did not know that by signing this paper I would be deprived of my right of appeal. That if I had known by signing the paper that the Court of Criminal Appeals would not have passed upon my case, I would not have signed it." Whereupon his appeal was reinstated and affirmed, there being no proper statement of facts nor bills of exceptions in the record.

Since we think the reasons for asking us to consider the statement of facts, unapproved by the judge, are insufficient, this motion for rehearing will be overruled.